TROUTMAN PEPPER
HAMILTON SANDERS LLP
Jessica Lohr, Bar No. 302348
jessica.lohr@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA  92130-2092
Telephone: 858.509.6000
Facsimile:  858.509.6040

Attorneys for Defendant
Wells Fargo Bank, N.A.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HEALY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; and DOES 1 through 5,<br><br>Defendant. | Case No. **'20 CV1838 CAB MSB**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

**TO THE CLERK OF THE ABOVE CAPTIONED COURT:**

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel, removes this action from the Superior Court for the State of California, County of San Diego, to the United States District Court for the Southern District of California.  Removal is proper because this Court has subject matter jurisdiction by way of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and diversity jurisdiction under the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. § 1332(d).  In support of its Notice of Removal, Wells Fargo states the following:

## I. Background

1. On or about August 11, 2020, Plaintiff Patrick Healy ("Plaintiff"), on behalf of himself and all others purportedly similarly situated, filed the Complaint in this action in the Superior Court for the State of California, County of San Diego, Case No. 37-2020-00028238-CU-MC-NC (the "State Court Action").

2. Wells Fargo was served with the Summons and Complaint in the State Court Action on August 20, 2020.

3. The Complaint alleges that Wells Fargo violated the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a) ("CCRAA"), with respect to Wells Fargo's credit reporting on his mortgage loan. Plaintiff seeks actual damages, statutory punitive damages, injunctive relief, as well as costs and attorneys' fees.

4. Wells Fargo denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner whatsoever. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed the Complaint in this Court under federal diversity jurisdiction because the amount-in-controversy exceeds $75,000 and because Plaintiff and Wells Fargo are completely diverse. The action is also removable under CAFA pursuant to 28 U.S.C. § 1332(d).

## II. Diversity Jurisdiction Exists Under 28 U.S.C. § 1332(a)

5. Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332(a)(1), which provides that the district court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As demonstrated in more detail below: (1) Plaintiff's citizenship is diverse from that of Wells Fargo; and (2) the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

A. **Complete Diversity of Citizenship Exists Between the Parties**

6. Plaintiff states in his Complaint that he is an "individual residing in the County of San Diego, City of San Marcos." (Compl. ¶ 10.) This allegation serves as prima facie evidence that Plaintiff is domiciled in California. *See Bergman v. Bank of Am.*, No. 13-cv-00741, 2013 WL 5863057, at *1 n.2 (N.D. Cal. Oct. 23, 2013) ("A party's residence is prima facie evidence of domicile") (internal citations omitted); *Zavala v. Deutsche Bank Trust Company Americas*, No. 13-cv-1040, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) ("[T]he complaint indicates that Zavala resides in California . . . In the absence of evidence to the contrary, Zavala is a California citizen for diversity purposes") (internal citation omitted).

7. Wells Fargo is a federally chartered national banking association. "[A] national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Wells Fargo's main office is in Sioux Falls, South Dakota. Accordingly, for purposes of federal jurisdiction, Wells Fargo is a citizen of South Dakota and it not a citizen of the State of California. *See id.*

8. Accordingly, there is complete diversity of citizenship between Plaintiff and Wells Fargo, who are the only parties to this action. *See* 28 U.S.C. § 1332(a)(1).

B. **The Amount-in-Controversy Requirement is Satisfied**

9. Further, pursuant to 28 U.S.C. § 1446(c)(2)(B), removal of the State Court Action is proper because the amount-in-controversy exceeds $75,000. "[A] defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014)). "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554.

10. Even in a purported class action, a court properly exercises jurisdiction based on diversity when the amount-in-controversy as to the named plaintiff's claims exceeds $75,000. *Shah v. Hyatt Corp.*, 425 F. App'x 121, 124-25 (3d Cir. 2011) (finding that "employee's individual claim fell within scope of district court's diversity jurisdiction" even where CAFA jurisdiction had not been satisfied) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)); s*ee also Rosmer v. Pfizer, Inc.,* 263 F.3d 110, 122 (4th Cir. 2001) (holding that plaintiff "is of diverse citizenship and her claim exceeds the amount in controversy requirement of 28 U.S.C. § 1332. Consequently, federal courts have original jurisdiction over it.").

11. Although Wells Fargo does not concede liability as to Plaintiff's claims, accepting Plaintiff's allegations as true, the case satisfies the $75,000 amount-in-controversy requirement for removal, exclusive of interest and costs.

12. In determining the amount-in-controversy, the Court should consider Plaintiff's demand for statutory penalties, punitive damages, actual damages, injunctive relief, and attorneys' fees. *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorneys' fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law").

13. Based on the allegations in the first cause of action, Plaintiff seeks to recover $5,000 in statutory damages for every alleged violation of the CCRAA, along with actual damages. (Compl., ¶ 65.) Plaintiff does not specifically allege the number of times that he claims Wells Fargo violated the CCRAA with respect to his loan, but he does state that Wells Fargo violated the statute "multiple times" over the course of "months." (*Id.* at ¶¶ 21, 58.) Accordingly, Plaintiff will likely assert that he is individually entitled to some multiplier of the $5,000 in statutory punitive damages in this action, which would only add to the amount-in-controversy calculation.

14. Plaintiff also alleges that he was denied a refinance based on Wells Fargo's credit reporting. (*Id.* at ¶ 31.) The savings on interest for a refinance can be substantial over the course of a 30-year mortgage loan—especially given the current low interest rates. For example, a consumer that refinances a 30-year loan with a principle amount of $450,000 from a rate of 3.875% to a rate of 3.1% will save approximately $70,000 in interest payments over the life of the loan. Accordingly, Plaintiff's purported lost savings alone would likely approach or exceed the $75,000 amount-in-controversy requirement, given the balance on his loan. Further, under the CCRAA, certain non-monetary damages can be recovered as a component of actual damages. *Legge v. Nextel Communications, Inc.*, No. 02-cv-8676, 2004 WL 5235587, at *7 (C.D. Cal. June 15, 2004) ("even in the absence of 'out of pocket' damages, consumers are entitled to recover for mental distress, humiliation, embarrassment, etc. . . . [one plaintiff], for example 'felt bad' and became 'isolated' from her friends after" the alleged violations of the CCRAA took place). Accordingly, these alleged statutory and actual damages, taken together, satisfy the amount in controversy threshold.

15. Plaintiff's Complaint also seeks attorneys' fees under the CCRAA. (*Id.* at ¶ 65.) Because the fees Plaintiff seeks are a function of statute, the Court should consider and aggregate an estimate of attorneys' fees to determine the amount-in-controversy. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 999-1000 (9th Cir. 2007), overruled on other grounds as recognized by *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975 (9th Cir. 2013), ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount-in-controversy"); Cal. Civ. Code § 1785.31(d) (providing that "prevailing plaintiffs in any action commenced under this section shall be entitled to recover court costs and reasonable attorney's fees"). Although attorneys' fees cannot be precisely calculated, when viewed in combination with alleged actual and statutory damages requested, this matter easily meets the

jurisdictional minimum for amount-in-controversy. *See*, *e.g.*, *Sponer v. Wells Fargo Bank N.A.*, No. 17-cv-02035, 2020 WL 2061829, at *12 (D. Or. Apr. 28, 2020) (awarding $398,576.25 in attorneys' fees to plaintiff's counsel following trial in individual credit reporting case); *Humphrey v. Navient Sols., Inc.*, No. 16-cv-370, 2020 WL 4047955, at *1 (W.D. Wis. July 20, 2020) (awarding $55,410 in attorneys' fees to plaintiff's counsel following trial in individual credit reporting case).

16. Because the combined cost of statutory punitive damages, actual damages, and attorneys' fees that Plaintiff has demanded in this case exceeds $75,000, the amount-in-controversy requirement under 28 U.S.C. § 1332(a) is met.

### Diversity Jurisdiction Exists Under 28 U.S.C. § 1332(d)

17. This Court also has diversity jurisdiction over Plaintiff's claims under CAFA pursuant to 28 U.S.C. § 1332(d).

18. Section 1332(d) provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which… any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d).

19. Wells Fargo does not concede any liability on Plaintiff's claims, does not concede the propriety of Plaintiff's alleged classes, and denies that any class could be certified pursuant to Federal Rule of Civil Procedure 23 or on any other basis. Nonetheless, assuming the allegations in the Complaint are true for the purposes of removal, the Complaint meets each element for removal under CAFA.

**A.    Diversity of Citizenship Exists Under CAFA**

20. Diversity of citizenship exists under CAFA if any member of a class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2).

21. Because Plaintiff is a California citizen and Wells Fargo is a citizen of the State of South Dakota, diversity exists under 28 U.S.C. § 1332(d)(2)(A). (*See* ¶¶ 6-8, *supra*.)

22. Further, because Wells Fargo is not a citizen of the state in which the action was originally filed, none of the grounds for declining to exercise jurisdiction in 28 U.S.C. § 1332(d)(3) and (4) apply.[1]

23. CAFA also provides an exception when "the primary defendants are States, state officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5). Wells Fargo is not a State, a state official, or governmental entity and, as a result, this exception does not apply.

24. Finally, Plaintiff has alleged that "there are potentially hundreds, if not thousands of potential class members." (Compl., ¶ 50.) Accordingly, the exception to removal in 28 U.S.C. § 1332(d)(5)(B) is inapplicable.

## B. The Amount-in-Controversy is Satisfied Under CAFA

25. To satisfy CAFA, the "matter in controversy" must exceed the sum of $5,000,000. *See* 28 U.S.C. § 1332(d)(2). As noted above, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra*, 775 F.3d at 1197-98 (citing *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88-89). Although Wells Fargo does not concede any fact or legal proposition in Plaintiff's Complaint, the allegations in his Complaint place more than $5,000,000 in controversy.

26. In Plaintiff's Complaint, he seeks "statutory punitive damages of $5,000.00 for each Class member, for each willful violation." (Compl., Wherefore ¶ 6.) Wells Fargo does not believe either of Plaintiff's purported classes are certifiable

---

[1] CAFA provides a discretionary exception when "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." See 28 U.S.C. § 1332(d)(3). CAFA provides an exception for a "local controversy" when at least one defendant is "a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc). CAFA provides an exception where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

or that putative class members can be identified consistent with Federal Rule of Civil Procedure 23. Nonetheless, Wells Fargo has implemented COVID-related forbearances related to home mortgage loan accounts for at least 1,500 consumers with addresses in California since March 1, 2020, with Wells Fargo reporting at least 1,500 home mortgage loan accounts with COVID-related forbearances to consumer reporting agencies. At $5,000 per consumer, these 1,500 COVID-related forbearances, and the associated credit reporting, easily satisfy the $5,000,000 amount-in-controversy requirement for CAFA removal.

27. Plaintiff's Complaint also seeks "actual damages" and "reasonable attorney's fees." (Compl., Wherefore ¶¶ 4, 9.) When coupled with Plaintiff's request for statutory punitive damages, the amount-in-controversy requirement under CAFA is easily satisfied. *See*, *e.g.*, *Ford v. CEC Entm't Inc.*, No. 14-cv-677, 2015 WL 11439033, at *5 (S.D. Cal. Dec. 14, 2015) (awarding class counsel $583,500 in attorneys' fees in credit reporting consumer class action); *Yeagley v. Wells Fargo & Co.*, No. 05-cv-3403, 2010 WL 2077013, at *1 (N.D. Cal. May 20, 2010) (awarding class counsel $332,202 in attorneys' fees in a consumer class action).

### III.  Compliance with Statutory Requirements

28. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Wells Fargo in the State Court Action are attached as **Exhibit A**. Upon information and belief, no other process, pleadings, or orders have been served on Wells Fargo.

29. Wells Fargo was served with the Complaint on August 20, 2020. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is within thirty (30) days of service of the Complaint.

30. Removal to the present venue is proper under 28 U.S.C. § 1441 because this Court is the United States District Court for the district corresponding to the place where the State Court Action is pending. Specifically, Plaintiff filed this action in the Superior Court for the State of California, County of San Diego, (*see* **Exhibit A**),

which is embraced within the Southern District of California. Therefore, this action may be removed to this Court.

31. Removal is proper pursuant to 28 U.S.C. § 1446(b)(2)(A) because no other defendants have been named in this action.

32. In accordance with 28 U.S.C. § 1446(d), a copy of Defendant's Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court for the State of California, County of San Diego.

33. In accordance with 28 U.S.C. § 1446(d), Wells Fargo is also contemporaneously serving this Notice of Removal on all adverse parties.

## IV. Reservation of Rights

34. Wells Fargo denies the allegations of liability in Plaintiff's Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

35. Wells Fargo also reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, Wells Fargo expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, in accordance with the authorities above, Wells Fargo hereby removes this action from the Superior Court for the State of California, County of San Diego to the United States District Court for the Southern District of California, and requests such other and further relief as the Court deems appropriate and just.

Dated: September 18, 2020    TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ *Jessica Lohr*
Jessica Lohr
Attorneys for Defendant
Wells Fargo Bank, N.A.